# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00530-CR

**In re Jerry Dwight Beasley**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 46,309, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## O P I N I O N

Jerry Dwight Beasley appeals from an order denying his motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West Supp. 2003). We will affirm the order.

Beasley is serving a forty-year prison sentence imposed after he was convicted of aggravated sexual assault.[1] On January 14, 2002, he filed a pro se motion for forensic DNA testing of evidence obtained during the investigation of the offense. *See id*. art. 64.01(a), (b). On February 20, 2002, the district court appointed counsel to represent Beasley in this proceeding although there is no indication that counsel was requested. *See id*. art. 64.01(c). The State=s response to the motion was filed on July 1, 2002. *See id*. art. 64.02. With its response, the State also filed a motion to deny the requested testing and tendered a proposed order with supporting findings. *See id*. art. 64.03. The district court signed the order denying testing on July 5, 2002, and the order was filed by the district clerk on July 8.[2] On the latter date, apparently before she learned of the court=s order, Beasley=s counsel filed what she styled an Aappearance of counsel@ objecting to the State=s proposed order and requesting additional time to investigate the facts and to file a Aproper motion@ on Beasley=s behalf. Counsel had not previously sought a delay or announced her intention to file a new or amended testing motion.

By two points of error, Beasley contends the district court denied his constitutional rights to counsel and to effective assistance of counsel by ruling on the pro se motion for testing while knowing that

_____

[1] The conviction was affirmed by this Court. *Beasley v. State*, No. 03-96-00654-CR (Tex. App.CAustin June 5, 1997, no pet.) (not designated for publication).

[2] The court found, among other things, that some of the evidence in question cannot be located, that identity was not an issue in the case, that Beasley had not established by a preponderance of the evidence that a reasonable probability exists he would not have been prosecuted or convicted if exculpatory DNA test results had been obtained, and that Beasley had not established by a preponderance of the evidence that the request for testing was not made for the purpose of delay. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) & (B), (2)(A) & (B) (West Supp. 2003). Beasley does not bring forward a point of error challenging the court=s findings on their merits.

he was represented by an attorney who had not filed a further motion for testing. *See* U.S. Const. amend. VI, XIV; Tex. Const. art. I, ' 10.

A prisoner has no Sixth Amendment right to counsel when mounting a collateral attack on his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Similarly, the Texas Constitution provides no right to counsel in a post-conviction collateral attack. *Ex parte Mines*, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000). As a consequence, a prisoner cannot claim constitutionally ineffective assistance of counsel in such a proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Ex parte Graves*, 70 S.W.3d 103, 113 (Tex. Crim. App. 2002). Although these holdings were made in the context of post-conviction habeas corpus proceedings, they are equally applicable to a post-conviction request for forensic DNA testing under chapter 64, which is another form of collateral attack.

Beasley argues that by providing for the appointment of counsel, section 64.01(c) guarantees him a right to effective assistance in the Sixth Amendment sense. It has been held, however, that a legislative decision to provide appointed counsel for a prisoner mounting a post-conviction collateral attack does not trigger a constitutional right to effective representation in that proceeding. *Finley*, 481 U.S. at 559; *In re Goff*, 250 F.3d 273, 275 (5th Cir. 2001); *Graves*, 70 S.W.3d at 112-13.

No Sixth Amendment or article I, section 10 violation is shown. Points of error one and three are overruled.

In his remaining point of error, Beasley urges that the district court denied him due process of law by Aimposing arbitrary time limits@ on his appointed counsel. Beasley argues that due process prohibits the convicting court from imposing any time limits on counsel appointed pursuant to article

**3**

64.01(c), and that his attorney Ashould have been allowed as much time as it took@ to investigate the relevant facts and prepare a motion for testing. Beasley asserts that a retained attorney could have taken as much time as necessary to research and prepare a DNA testing motion. Citing *Ake v. Oklahoma*, 470 U.S. 68 (1985), he urges that the due process guarantee of fundamental fairness entitled him to the assistance of appointed counsel unconstrained by any time limitations.

In *Ake*, the Supreme Court held that due process entitled an indigent defendant to a court-appointed psychiatrist to assist him on the issue of his sanity at the time of the offense. *Id*. at 86-87; *see also Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995) (indigent defendant entitled to appointment of pathologist to assist defense); *McKinney v. State*, 59 S.W.3d 304, 309 (Tex. App.CFort Worth 2001, pet. ref=d) (same). *Ake* and the Texas cases cited by Beasley are distinguishable because they deal with the rights of an indigent defendant *at trial*. Neither due process nor equal protection require the appointment of counsel to represent an indigent prisoner in a post-conviction collateral attack. *Finley*, 481 U.S. at 555-56.

Article 64.01(c) provides for the appointment of counsel for an indigent prisoner who Ainforms the convicting court that [he] wishes to submit a motion@ for forensic DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(c). Clearly, the statute contemplates the appointment of counsel *before* a testing motion is filed. Whether an attorney so appointed would be entitled to an unlimited amount of time to prepare a testing motion, as Beasley asserts, is a question we need not decide because Beasley did not to seek appointed counsel but instead filed his own pro se motion. Although the court thereafter appointed

4

counsel, Beasley=s motion for testing had been filed and the court was obligated to act on it.[3] We are unpersuaded that due process required the district court to ignore Beasley=s pro se motion and wait indefinitely for counsel to file a superseding motion. Point of error two is overruled.

The district court=s order is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 24, 2003

Publish

---

[3] We express no opinion as to whether the statute required the court to appoint counsel under these circumstances.