# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00788-CR

### In re David Navarrette Garcia

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 38,366, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Navarette Garcia appeals from an order denying his motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01-.05 (West Supp. 2003). His appointed attorney filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Garcia also filed a pro se brief. We will affirm the order.

In 1990, Garcia was convicted of murder in Bell County cause number 38,366 and sentenced to ninety-nine years in prison.[1] In a separate prosecution that same year, he was convicted of aggravated sexual assault in Bell County cause number 38,192 and sentenced to twenty years' imprisonment.[2] In August 2001, he requested the appointment of counsel to help him prepare a motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c). The request

---

[1] The conviction was affirmed by this Court. *Garcia v. State*, No. 03-90-083-CR (Tex. App.—Austin Mar. 13, 1991, no pet.) (not designated for publication).

[2] This conviction was also affirmed. *Garcia v. State*, No. 03-90-181-CR (Tex. App.—Austin May 15, 1991, no pet.) (not designated for publication).

was filed in cause number 38,192 (sexual assault). Counsel was appointed one week later, but in an order filed in cause number 38,366 (murder). No motion for testing had been filed in either cause when, in February 2002, the State filed what it called its response to Garcia's request for testing. *See id*. art. 64.02. This document bore both cause numbers. One week later, the district court signed an order, also in both causes, denying testing. The court found, among other things, that identity was and is not an issue in either case and that all the evidence in both has been destroyed. *See id.* art. 64.03(a)(1)(A)(i), (B). Garcia's attorney filed motions for new trial and for rehearing. After a hearing on April 19, 2002, which was limited at counsel's request to cause number 38,366, the motions were overruled.

On October 22, 2002, counsel filed a motion for DNA testing in cause number 38,366. So far as the record before us reveals, this is the only testing motion filed on Garcia's behalf under either cause number. The State responded with a letter referring to its February filing. The court denied the motion for testing on November 8, 2002, without making further findings.

A new attorney was appointed to represent Garcia on this appeal from the November order. Counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

In his pro se brief, Garcia contends that the attorney first appointed to represent him was ineffective because she did not file a motion for DNA testing in cause number 38,192. There

is no constitutional right to effective assistance of counsel in a post-conviction DNA testing proceeding. *In re Beasley*, No. 03-02-00530-CR, slip op. at 2-3, 2003 Tex. App. LEXIS 3471 at *3-4 (Tex. App.—Austin Apr. 24, 2003, no pet.). Moreover, the record is silent as to why counsel chose to request testing only in cause number 38,366, and therefore Garcia cannot overcome the presumption that counsel rendered reasonable professional judgment in this matter. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).[3]

With respect to the merits of the court's refusal to order testing in cause number 38,366, Garcia urges that DNA testing of blood stains on jeans worn by the eyewitness who testified against him at his trial, Gilbert Lara, could prove his innocence. Although records in the State's possession indicated that all evidence in cause number 38,366 had been destroyed, Garcia's attorney stated at the April 19 hearing that she had been informed that a pair of blood-stained jeans and a sample of the victim's blood were still in the forensic laboratory's possession. These jeans belonged to Lara, who testified that he was present when Garcia shot the deceased with a rifle. Garcia's counsel argued that if DNA tests showed that the blood on the jeans was not the victim's, Lara's claim to have been present at the murder would be impeached. In his pro se brief, Garcia offers a different theory: he asserts that if the victim's blood is on Lara's jeans, this would prove that Lara, not Garcia, committed the murder. We are not persuaded by either argument. The presence or absence of the deceased's blood on the witness's jeans would not, to a reasonable probability, prove

---

[3] We note that documents in the record indicate that the victim's rape kit, which Garcia now says should be tested, was destroyed in 1996. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (West Supp. 2003).

Garcia's innocence under either theory. *See Kutzner v. State*, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002).

Appellant also urges that two other pairs of blood-stained jeans should be tested. He argues that if either pair of jeans belonged to him (a fact he does not assert), and if the blood on the jeans is not that of the victim, his innocence would be established. We express no opinion as to this because the record before us supports the court's finding that this evidence was destroyed and is no longer available for DNA testing.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The order denying post-conviction DNA testing is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, Yeakel and Puryear

Affirmed

Filed: June 19, 2003

Do Not Publish

4