# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-03-00327-CR

## In re Perry Wiley

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 26,278, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Perry Wiley is serving a thirty-year sentence imposed in 1978 following his conviction for burglary with intent to commit sexual abuse. On June 14, 2002, Wiley filed a pro se request for appointment of counsel for the purpose of post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2003). An attorney was appointed ten days later. On April 2, 2003, counsel filed "defense attorney's position on defendant's request for DNA testing." In this document, counsel informed the court that her investigation revealed that the only biological evidence collected by the police, oral swabs from the complainant, had tested negative for spermatozoa and had been destroyed by the laboratory in 1982. Counsel concluded that, under the circumstances, a motion for DNA testing would be frivolous.

Although no formal request for DNA testing was filed, the State filed a response summarizing the facts of the case and urging that Wiley had not demonstrated his entitlement to DNA testing. *Id*. art. 64.02. The district court subsequently refused to order DNA testing, finding that the evidence for which testing was sought had been destroyed and that Wiley had failed to demonstrate that he would not have been prosecuted or convicted if exculpatory DNA test results had been obtained. *Id*. art. 64.03(a)(1)(A)(i), (2)(A). This appeal followed.

The new attorney appointed to represent Wiley on appeal filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After reviewing the record, we agreed with counsel's evaluation and affirmed the district court's order on October 2, 2003.

Wiley filed a pro se motion for rehearing complaining that he was not given an adequate opportunity to examine the record and file a pro se brief. We granted the motion and withdrew the October 2 opinion and judgment. Wiley has since filed his pro se brief in response to counsel's frivolous appeal brief.

Wiley makes four contentions in his pro se brief: (1) the attorney appointed pursuant to article 64.01(c) rendered ineffective assistance; (2) the attorney appointed to represent him on appeal rendered ineffective assistance; (3) he did not commit the offense for which he was convicted;

2

and (4) he is the victim of a continuing conspiracy involving the trial court, the district attorney, and the lawyers who have represented him. There is no constitutional right to effective counsel in a chapter 64 DNA proceeding. *In re Beasley*, 107 S.W.3d 696, 698 (Tex. App.—Austin 2003, no pet.). In any event, none of the allegations Wiley makes against his attorneys are supported by the record before us. Similarly, his assertions that he is the innocent victim of a conspiracy are also without support in the present record.

We have reviewed the record, counsel's brief, and the pro se brief. We again conclude that the appeal is frivolous and without merit. Counsel's motion to withdraw is granted.

The district court's order is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: January 29, 2004

Do Not Publish

3