# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00263-CR

### In re Michael Earl Cruthird, Sr.

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 47,106, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Earl Cruthird, Sr., is serving a life sentence for capital murder. On July 5, 2001, Cruthird filed a pro se motion for forensic DNA testing. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4 (current version at Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (West Supp. 2004).[1] The district court denied the motion on June 3, 2002, and Cruthird perfected this appeal.[2]

---

[1] Chapter 64 was amended effective September 1, 2003. *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 1-5, 2003 Tex. Gen. Laws 16, 16-17. The 2003 amendments apply only to DNA testing motions filed on or after September 1, 2003; motions filed before that date are governed by the former law. *Id*. ch. 13, § 8, 2003 Tex. Gen. Laws at 17.

[2] The appeal was originally filed in this Court. Believing that we were without jurisdiction, we dismissed the appeal and instructed the Clerk to forward the record to the court of criminal appeals. That court returned the appeal to us after it determined that its appellate jurisdiction under former article 64.05 was limited to cases in which the death penalty was imposed. *See Sisk v. State*, 131 S.W.3d 492, 497 (Tex. Crim. App. 2004).

Cruthird's sole issue on appeal is whether the district court erred by failing to appoint substitute counsel after the attorney originally appointed for him in this proceeding was permitted to withdraw. An attorney was appointed for Cruthird two weeks after his pro se motion for testing was filed.[3] On March 19, 2002, this attorney's motion to withdraw was granted by the trial court but substitute counsel was not appointed. The State's response to the testing motion was filed on May 30, 2002, and the motion was denied on June 3, 2002. Cruthird remained without counsel until June 27, 2002, the day after he perfected appeal, when his present attorney was appointed.

The State raises the question whether this issue is properly before us. Former article 64.05 only authorized an appeal of a finding made pursuant to articles 64.03 or 64.04; there was no provision for appealing a finding or order regarding the appointment of counsel pursuant to article 64.01(c). *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003); *Fry v. State*, 112 S.W.3d 611, 613 (Tex. App.—Fort Worth 2003, pet. ref'd). Cruthird, however, is not appealing from an order refusing to appoint counsel. This appeal is from an order denying testing based on findings made pursuant to former article 64.03. Because Cruthird is complaining that he was without counsel at the time the findings were made, the issue he raises is within the scope of the appeal authorized by former article 64.05.

There is no federal or state constitutional right to counsel in a chapter 64 proceeding. *Winters v. Presiding Judge*, 118 S.W.3d 773, 774 (Tex. Crim. App. 2003); *In re Beasley*, 107 S.W.3d 696, 697 (Tex. App.—Austin 2003, no pet.). There is, however, a statutory right to counsel

---

[3] The attorney was appointed even though Cruthird did not request counsel until November 9, 2001.

2

in such proceedings.  Under former article 64.01(c), the convicting court had a mandatory duty to appoint counsel if a convicted person informed the court that he wished to submit a motion under chapter 64 and the court determined that the person was indigent.  *Winters*, 118 S.W.3d at 775; *Neveu*, 105 S.W.3d at 642.  There is no dispute that Cruthird was indigent and therefore entitled to counsel upon request.

The language of article 64.01(c) makes it clear that a primary reason for appointing counsel is to assist the convicted person in preparing and filing a motion for forensic DNA testing. Cruthird was not denied this benefit because he elected to prepare his own pro se motion for testing and did not request counsel until four months after the motion was filed.  After the request for counsel was made, Cruthird was statutorily entitled to counsel throughout the remainder of this chapter 64 proceeding.  We conclude that the district court had a duty to appoint substitute counsel after permitting the first attorney to withdraw, and that it was error for the court to rule on the testing motion when Cruthird was without counsel.  Because the error is statutory, we must disregard it unless it affected a substantial right.  Tex. R. App. P. 44.2(b); *see Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (no statutory error is immune from harmless error analysis).

No hearing was required before the court decided whether to order testing.  *Rivera v. State*, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002).  The district court properly ruled on the basis of Cruthird's motion and supporting affidavit, which he prepared and filed before requesting counsel, and the State's response.  Cruthird does not assert that the district court's article 64.03 findings were affected by his lack of counsel between March 19, 2002, when his first attorney was allowed to withdraw, and June 3, 2002, the day the findings were made.  On this record, we conclude that the

3

district court did not violate a substantial right by making its findings while Cruthird was without counsel.

Cruthird sought to have DNA testing performed on two infant's socks found in the bed of the fourteen-month-old deceased. As discussed in this Court's opinion on direct appeal, there appeared to be vomitus on these socks and there was expert testimony that children often vomit when they sustain a severe brain injury of the sort the deceased suffered. *Cruthird v. State*, No. 03-97-00357-CR, 1998 Tex. App. LEXIS 3591, at *15-18 (Tex. App.—Austin June 11, 1998, pet. ref'd) (not designated for publication). In his brief, Cruthird argues that "there is no way to gauge the value of the [requested] test data in the hands of [a] zealous advocate for Appellant." This argument is not on point because it assumes that DNA testing was ordered and performed. We are not reviewing a denial of counsel at a post-testing hearing pursuant to former article 64.04.

The district court found that Cruthird "has not established by a preponderance of the evidence that a reasonable probability exists that he would not have been prosecuted or convicted if 'exculpatory' results had been obtained through DNA testing of the yellow and the white baby socks." *See* former art. 64.03(a)(2)(A). Cruthird does not bring forward an issue or point of error challenging this finding. He does, however, assert in his brief that if DNA testing showed that the substance on the socks did not come from the deceased, "serious doubt" would be cast on the expert testimony regarding the time and cause of the deceased's injury. We will address this contention in the interest of justice. *See Rivera*, 89 S.W.3d at 59 (standard of review).

We have carefully reviewed this Court's extensive discussion of the evidence in the opinion on direct appeal, particularly the expert testimony regarding the time and cause of the

4

deceased's injury. *See Kutzner v. State*, 75 S.W.3d 427, 435-36 (Tex. Crim. App. 2002) (considering opinion on direct appeal to decide DNA testing appeal). We find no indication that the presence of vomitus on the infant's socks was a significant factor in the experts' analysis. It was the massive degree of brain damage that led the experts to conclude that the child's injury did not occur during a fall down the stairs several days before she was admitted to the hospital, as Cruthird suggested in his testimony. *See Cruthird*, 1998 Tex. App. LEXIS 3591, at *15-22. It is not reasonably probable that the requested DNA tests would prove Cruthird's innocence, even if the results showed that the vomitus on the socks did not come from the deceased. *See Kutzner*, 75 S.W.3d at 438-39. We agree with the district court that Cruthird did not establish by a preponderance of the evidence that there is a reasonable probability that he would not have been prosecuted or convicted if the DNA test results were exculpatory in the manner he suggests.

Because the trial court did not reversibly err by failing to appoint substitute counsel before ruling on Cruthird's motion for testing, and because the court's findings are supported by the record, we affirm the order denying testing.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 15, 2004

Do Not Publish

5