NUMBER 13-04-032-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

NELSON WILEY, JR.,                                                Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 130th District Court

                         of Matagorda County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Rodriguez and Garza 

                      Memorandum
Opinion by Justice Rodriguez

 








In May 1993,
appellant, Nelson Wiley, Jr., was convicted by a jury of aggravated sexual
assault of a child and sentenced to fifty years in the Texas Department of
Criminal Justice, Institutional Division and assessed a $10,000 fine.  In October 2003, appellant filed a motion and
then an amended motion for forensic DNA Testing of Biological Material.  See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005).  After a hearing on the motion, the trial
court denied appellant's motion. 
Appellant appeals from the trial court's order.

Concluding the
appeal is frivolous and without merit, appellant's counsel filed a brief in
which they presented four arguable grounds of error.  The trial court has certified that this case
"is not a plea-bargain case, and the defendant has the right of
appeal."  See Tex. R. App. P. 25.2(a)(2).  We affirm the order.

Because all
issues of law are settled, our memorandum opinion only advises the parties of
the Court's decision and the basic reasons for it.  See id. at 47.4.

I.  Compliance with Anders v. California








Appellant's
court-appointed counsel filed a brief in which they have concluded that there
is no good-faith basis for an appeal and that any argument advanced would be
frivolous and completely without merit.  Anders
v. California, 386 U.S. 738, 744 (1967).  Appellant's brief meets the requirements of Anders.  Id. at 744-45; see High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).  In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to
what, in their opinion, are all issues which might arguably support an
appeal.  See Anders, 386 U.S. at
744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. 
Counsel have informed the Court that they notified appellant of the
following:  (1) they have thoroughly
reviewed the record and have determined that any appeal advanced would be
frivolous and without merit; (2) they are requesting to withdraw as counsel;
and (3) appellant has the right to request and review the appellate record and
to file a pro se brief.  See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813.  Counsel have also forwarded, to appellant, a
copy of the brief that sets forth all issues which might arguably support an
appeal.  More than thirty days have passed, and
appellant has not filed any pro se brief.  See Anders, 386 U.S. at 744-45; see
also High, 573 S.W.2d at 813.

II.  Discussion








In compliance
with Anders, counsel raise and review the following issues as possible
grounds for our review: (1) whether appellant's motion and its supporting
evidence complied with article 64.01 of the Texas Code of Criminal Procedure, see
Tex. Code Crim. Proc. Ann. art.
64.01 (Vernon Supp. 2005) (setting forth three stages to a motion for
post-conviction DNA testing); Murphy v. State, 111 S.W.3d 846, 848 Tex.
App.BDallas 2004, no pet.) (explaining first stage
focuses on the motion itself and whether it complies with article 64.01); (2)
whether the trial court properly determined if there was any biological
evidence that could be tested; (3) whether the trial court properly determined
that any evidence obtained through DNA testing would not prove appellant's
innocence, see Thompson v. State, 95 S.W.3d 469, 472 (Tex. App.BHouston [1st Dist.] 2002, pet. ref'd) (providing
that in second stage, the trial court determines whether there is any
biological evidence that should be tested and whether the evidence will prove
the petitioner's innocence); Murphy, 111 S.W.3d at 848-49 (same); and
(4) whether appellant can pursue an appeal based on ineffective assistance of
counsel.  See Winters v.
Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773, 774
(Tex. Crim. App. 2003) ("A Chapter 64 proceeding is a collateral attack on
the conviction and there is therefore no federal or state constitutional right
to an attorney in such a case."); In re Beasley, 107 S.W.3d 696,
698 (Tex. App.BAustin 2003, no pet.).

The Supreme Court
advised appellate courts that upon receiving a Afrivolous
appeal@ brief, they must conduct Aa full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.@  Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2003, no pet.).  Accordingly, we have carefully reviewed the
record and have considered the issues raised in the brief, and we have found nothing that
would arguably support an appeal.  See
Stafford, 813 S.W.2d at 509.  We
agree with counsel that the appeal is wholly frivolous and conclude the appeal is without merit.  See Bledsoe v. State, 178 S.W.3d 824,
827‑28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirements of Texas Rule of Appellate Procedure
47.1.").

III.  Conclusion








The judgment of
the trial court is affirmed. 
Additionally, in accordance with Anders, appellant's counsel have
asked permission to withdraw as counsel for appellant.  See Anders, 386 U.S. at 744.  We grant counsel's motion to withdraw.  We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (en banc) (per curiam); see also Tex. Code Crim. Proc. Ann. art. 64.05
(Vernon Supp. 2005) (providing that an appeal under the DNA testing statute
"is to a court of appeals in the same manner as an appeal of any other
criminal matter, except that if the convicted person was convicted in a capital
case and was sentenced to death, the appeal is a direct appeal to the court of
criminal appeals."); Swearingen v. State, 2006 Tex. Crim. App. LEXIS
186, at *2-*3 (Tex. Crim. App. Feb. 1, 2006).

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 20th day of April, 2006.