# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-09-00127-CR

---

### In re Johnny Ray Valchar

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 95-522-K277, HONORABLE JACK R. MILLER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In 2006, Johnny Ray Valchar pleaded guilty to sexual assault (enhanced by two previous felony convictions), was adjudged guilty, and was sentenced to twenty-five years in prison as called for in a plea bargain. He now appeals the district court's order denying his motion for forensic DNA testing pursuant to code of criminal procedure chapter 64. *See* Tex. Code Crim. Proc. Ann. art. 64.01-.05 (West 2006 & Supp. 2009). We affirm the order.

Valchar's pro se brief challenges generally the trial court's order denying his request for testing.[1] The court denied testing based on these findings and conclusions:

> The testing motion is not accompanied by an affidavit containing statements of fact in support of the motion. *See id*. art. 64.01(a) (West Supp. 2009).
>
> The motion does not identify the item or items to be tested.

---

[1] The testing motion was filed by appointed counsel, but Valchar represents himself on appeal.

Valchar has failed to establish that DNA testing was not done previously through no fault of his own. *See id*. art. 64.01(b)(1)(B).

Valchar has failed to establish that identity was or is an issue in the case. *See id*. art. 64.03(a)(1)(B) (West Supp. 2009).

Valchar has failed to establish that he would not have been convicted of the offense had exculpatory results been obtained through DNA testing. *See id*. art. 64.03(a)(2)(A).

We defer to the trial court's fact findings and credibility determinations, but we review legal issues de novo. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Although the testing motion was not accompanied by a supporting affidavit, the motion itself is verified by Valchar's unsworn declaration. And although the motion does not specifically identify the items to be tested, it does state that Valchar's attorney had reviewed the case file and spoken to the assistant district attorney who handled the case. The State's response to the testing motion states that three items of clothing belonging to the complainant were secured as evidence in the case and are in the present custody of the sheriff: a bathing suit, a pair of shorts, and a T-shirt. In 1995, before appellant's trial, a department of public safety criminalist found semen on the bathing suit and shorts, but not on the shirt. It is reasonably clear that the bathing suit and shorts are the items for which testing is sought. For the purpose of this opinion, we will assume that article 64.01(a) was satisfied.

Under chapter 64, a defendant must have availed himself of whatever DNA technology was available to him at the time of his trial. *Routier v. State*, 273 S.W.3d 241, 248 (Tex. Crim. App. 2008). If DNA testing was not done at the time of trial, the defendant must show that such testing was not available, was not capable of providing probative results, or was not done

2

through no fault of the defendant for reasons that are such that the interests of justice require DNA testing. Tex. Code Crim. Proc. Ann. art. 64.01(1)(A), (B); *see Skinner v. State*, 293 S.W.3d 196, 200-02 (Tex. Crim. App. 2009).

Valchar's testing motion states that "[Valchar] plead guilty due to fear of harsh sentence, not due to actual guilt. Additionally, [Valchar] was not aware that any physical evidence was available to test because of the six month time lapse between the date of the alleged offense and the date of [Valchar]'s arrest." Valchar argues that these statements are sufficient to satisfy the "no fault" requirement. But even if these statements are accepted as true, they do not demonstrate that DNA testing was unavailable to Valchar at the time of his trial. Valchar has not shown that the existence of the semen-stained clothing was withheld from the defense or was otherwise undiscoverable before he pleaded guilty, nor has he alleged that his counsel at the time he pleaded guilty was ineffective in failing to seek testing at that time. Thus, he has failed to show that DNA testing was not done through no fault of his own. *See Skinner*, 293 S.W.3d at 200-03.

Before DNA testing may be ordered under chapter 64, the trial court must find that identity was or is an issue in the case, and the applicant must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A). Regardless of the defendant's plea and the strength of the identification evidence adduced at the trial, the defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007); *see also* Tex. Code Crim. Proc. Ann. art. 64.03(b) (West Supp. 2009). But if DNA testing would not determine the identity of the person who committed the offense or

3

would not exculpate the person convicted, then these requirements are not met. *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008).

The testing motion states that the complainant in this case was an acquaintance of Valchar. The motion continues, "This acquaintance claimed that she told [Valchar] that she earlier had sexual intercourse with her boyfriend, and [Valchar] allegedly then had sexual intercourse with the acquaintance. The acquaintance later claimed that the sexual intercourse with [Valchar] was not consensual." The motion goes on to argue, as Valchar now does in his brief, that "[i]f the complainant's story was true, DNA testing should show [Valchar's] semen or epithelial cells, as well as those of her then-boyfriend. If the testing does not show [Valchar's] DNA, this directly contradicts the complainant's story and establishes [Valchar's] innocence." In short, it is Valchar's contention that the absence of his DNA on the semen-stained clothing would prove that he was not the complainant's attacker.

The record is not sufficient to support this contention because the facts related in the testing motion, which are the only facts before us, do not reflect that the complainant's attacker deposited semen during the assault. Thus, the absence of Valchar's DNA would not demonstrate his innocence. This distinguishes this case from *Esparza* and *Smith v. State*, in both of which the evidence showed that the attacker ejaculated. *See Esparza*, 282 S.W.3d at 921; *Smith v. State*, 165 S.W.3d 361, 364 (Tex. Crim. App. 2005). Similarly, the presence of someone else's DNA on the complainant's clothing would not exculpate Valchar because there is no factual basis for concluding that this semen was the attacker's and not the complainant's boyfriend's, with whom we are told she had sexual intercourse prior to the attack.

4

Valchar has not shown that DNA testing was not available at the time of his trial through no fault of his own. Further, Valchar has not shown that identity is an issue in this case or, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained by DNA testing.

In a supplemental brief, Valchar claims that the attorney appointed to represent him in this chapter 64 proceeding did not render effective assistance. This Court has held that there is no Sixth Amendment right to effective assistance in a chapter 64 proceeding. *In re Beasley*, 107 S.W.3d 696, 697-98 (Tex. App.—Austin 2003, no pet.); *see also Winters v. Presiding Judge*, 118 S.W.3d 773, 774 (Tex. Crim. App. 2003). In any event, we do not have a record before us on which to assess counsel's performance.

Finally, Valchar has filed what he styles a "motion under nunc pro tunc" asserting that his 2006 conviction must be reversed because he was not properly admonished at the time he pleaded guilty. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2009). This contention is outside the scope of this appeal, which is limited to the trial court's order denying Valchar's testing motion.

For the reasons stated, the district court's order is affirmed.

_____
Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: April 29, 2010

Do Not Publish