

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00139-CR
_____

DONALD AEKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-12-904056, Honorable Brenda Kennedy, Presiding

May 4, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Donald Aekins, a Texas prison inmate appearing pro se, has appealed the trial court's order denying his motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. Because Aekins has not filed a brief, despite many extensions of time and the passage of over eleven months since the original due date, we have reviewed the record without briefs. Finding no fundamental error, we will affirm the judgment of the trial court.

A jury found Aekins guilty on three counts of sexual assault and sentenced him to fifty-five years' confinement in prison on each count. The sentences run concurrently. *State v. Aekins,* No. D-1-DC-12-904056 (403rd Dist. Ct., Travis County, Tex. Oct. 25, 2012). The court of appeals vacated the trial court's judgment under count three and otherwise affirmed the judgment. *Aekins v. State,* No. 04-13-00064-CR, 2013 Tex. App. LEXIS 13694 (Tex. App.—San Antonio Nov. 6, 2013) (mem. op., not designated for publication). The Court of Criminal Appeals affirmed the San Antonio court's decision. *Aekins v. State,* 447 S.W.3d 270 (Tex. Crim. App. 2014).

Aekins then filed a motion for post-conviction DNA testing under Chapter 64, which the trial court denied. The trial court's order states its conclusion that Aekins' motion did not meet the requirements of Code of Criminal Procedure article 64.03(a)(1)(B) & (a)(2)(A);[1] consequently it lacked authority to order post-conviction

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B); (a)(2)(A) (West Supp. 2015) ("A convicting court may order forensic DNA testing under this chapter only if . . . the court finds that . . . there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing . . . and . . . the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing").

Relevant to the trial court's conclusion that it lacked authority to order post-conviction DNA testing were its findings that:

1. [Aekins'] biological evidence has already been tested and his motion for post-conviction DNA testing fails to show that newer testing methods are available that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

2. [Aekins] fails to establish that identity is an issue in this case.

3. [Aekins'] motion for post-conviction DNA testing fails to show that any additional testing would produce exculpatory results that demonstrate

2

DNA testing.  The court also denied Aekins' request for court-appointed counsel under Chapter 64, stating in its order its finding that Aekins had not established that a reasonable ground exists for the filing of a motion for post-conviction DNA testing.  In a conclusion it stated that the requirements of article 64.01(c)[2] for appointment of counsel were not met.  This appeal followed.

On May 1, 2015, the record of the Chapter 64 proceeding was filed and we notified Aekins by letter that his brief was due June 1.  Aekins timely moved for additional time to file his brief.  He argued, among other things, the record was incomplete.  This contention, along with a request for court-appointed counsel, became the bases of subsequent motions for additional time.  Our orders extended the briefing deadline through the summer.

On July 22, Aekins filed a petition for writ of mandamus in this court seeking an order compelling the judge of the trial court to set for hearing his motions concerning the record and appointment of counsel.  The deadline for filing Aekins' brief was extended until October 29.

On our own motion, we directed the clerk of the trial court to prepare, certify, and file a supplemental clerk's record containing the record from *State v. Aekins,* No. D-1-

_____

that he would not have been convicted if these results had been presented at trial.

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2015) (providing, among other things, the convicting court must appoint counsel for the convicted person "if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent").

DC-12-904056. This was accomplished within the allotted time and on September 9 the record was transmitted to Aekins.

In October Aekins moved for an additional extension of the briefing deadline, in part because of a prison administrative lockdown. We extended the deadline until December 28.

On October 15, we issued an order addressing Aekins' request for appointed counsel on appeal. *Aekins v. State,* No. 07-15-00139-CR, 2015 Tex. App. LEXIS 10696 (Tex. App.—Amarillo Oct. 15, 2015, per curiam order) (not designated for publication). We declined to appoint appellate counsel, and in the same order explained our decision not to abate and remand the case for the trial court's reconsideration of appointment of counsel for Aekins. On the same day, we issued an opinion dismissing Aekins' mandamus petition as moot since he already had been provided the record of his conviction and his request for appointed counsel had been denied. *In re Aekins,* 07-15-00293-CR, 2015 Tex. App. LEXIS 10697 (Tex. App.—Amarillo Oct. 15, 2015, orig. proceeding) (mem. op., not designated for publication).

Aekins did not file his brief by December 28 and offered no explanation for his noncompliance. Nevertheless, we extended the deadline until January 15, 2016, and then to February 29. Instead of filing his brief, Aekins filed a motion requesting a sixty-day extension of the filing deadline. He asserted additional time was necessary because the record of voir dire from trial in *State v. Aekins,* No. D-1-DC-12-904056 was incomplete and he had filed a motion in the trial court seeking correction.

In a March 3 order, we denied the requested extension of time and set March 18 as the deadline for Aekins' brief. We further ordered that Aekins' failure to file his brief timely might result in disposition of the appeal without briefs. *Aekins v. State,* No. 07-15-00139-CR, 2016 Tex. App. LEXIS 2310 (Tex. App.—Amarillo Mar. 3, 2016, per curiam order) (not designated for publication). Aekins made no response. By letter of March 29, we notified Aekins that his appeal would be considered without briefs.

Aekins has not properly presented an issue or point of error in this appeal. In the interest of justice, we have reviewed the record of the Chapter 64 proceeding for fundamental error. TEX. CODE CRIM. PROC. ANN. art. 44.33(b) (West 2006) ("Appellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal . . . nor shall the Court of Appeals . . . , for such reason, refuse to consider appellant's case on appeal"); *cf.* TEX. R. APP. P. 38.8(b)(4); *Lott v. State,* 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) (discussing the predecessor of appellate rule 38.8(b) and reviewing the record for unassigned fundamental in case where defendant chose to proceed pro se despite admonishments and did not file a brief); *Kersh v. State,* No.02-04-00246-CR, 2005 Tex. App. LEXIS 9501 (Tex. App.—Fort Worth 2005, no pet.) (per curiam) (mem. op., not designated for publication); *Alford v. State,* No. 14-98-00642-CR, 2000 Tex. App. LEXIS 7424 (Tex. App.—Houston [14th Dist.] Nov. 2, 2000, no pet.) (per curiam) (not designated for publication).

Fundamental error occurs when certain constitutional rights are violated. *Clark v. State,* 365 S.W.3d 333 (Tex. Crim. App. 2012) (citing *Arizona v. Fulminante,* 499 U.S. 279, 309-10, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991)). Fundamental errors include those recognized by the Legislature as fundamental; the violation of rights that are

waivable only; and the denial of absolute, systemic requirements. *Lindsey v. State,* No. 01-13-01008-CR, 2015 Tex. App. LEXIS 9987, at *2-3 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no pet.) (per curiam) (mem. op., not designated for publication) (citing *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.)). Specific types of error identified as fundamental include: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *Lindsey,* 2015 Tex. App. LEXIS 9987, at *2-3 (citing *Saldano v. State,* 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002); *Burton,* 267 S.W.3d at 103).

The only fundamental error even potentially shown by the record of the Chapter 64 proceeding is the trial court's denial of Aekins' request for court-appointed counsel. But that decision, even if erroneous, cannot constitute fundamental error. A prisoner pursuing post-conviction forensic DNA testing under Chapter 64 has no right to counsel under either the United States Constitution or the Texas Constitution. *In re Beasley,* 107 S.W.3d 696, 697 (Tex. App.—Austin 2003, no pet.).

The Legislature has conditioned appointment of counsel in a Chapter 64 proceeding on a trial court finding that reasonable grounds exist for a motion to be filed. TEX. CODE CRIM. PROC. ANN. art. 64.01(c). In this case, the trial court expressly found

that Aekins did not establish a reasonable ground for filing a motion for post-conviction DNA testing.

Finding the record does not demonstrate fundamental error, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.