# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00484-CR

### In re Edward LaMoyne King

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 10-1235-K26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING**

## O R D E R

**PER CURIAM**

Appellant Edward LaMoyne King, an inmate appearing pro se, has filed a notice of appeal in this Court, seeking review of the trial court's order denying his pro se motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. King has also filed a motion to abate, requesting that we remand this case to the trial court for the purpose of having counsel appointed to represent him in this appeal.

An inmate seeking post-conviction DNA testing under Chapter 64 has no right to counsel under the United States Constitution or the Texas Constitution. *In re Beasley*, 107 S.W.3d 696, 697 (Tex. App.—Austin 2003, no pet.). Instead, a convicted person has a limited, statutory right to counsel during a proceeding under Chapter 64. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) ("The entitlement to counsel [in Chapter 64 proceedings] is not absolute; it is conditioned on three criteria."). Specifically, article 64.01(c) provides that a convicted person is entitled to counsel in a Chapter 64 proceeding when the person informs the court that he wishes to

submit a motion for DNA testing, the court determines that the convicted person is indigent, and the court finds reasonable grounds for a motion to be filed. Tex. Code Crim. Proc. art. 64.01(c). Article 64.01(c) is the only provision that provides for the appointment of counsel in Chapter 64 proceedings and does not differentiate between the trial and appellate stages. *Watson v. State*, Nos. 07-06-0414-CR, 07-06-0415-CR, 2006 WL 3327814, at *1 (Tex. App.—Amarillo Nov. 16, 2006, order) (per curiam).

In this case, King filed his motion for the appointment of counsel and, the same day, a pro se motion for DNA testing under Chapter 64. Without conducting a hearing, the trial court expressly denied King's motion for DNA testing and, consequently, implicitly denied his motion for appointment of counsel. Because the record does not contain the findings required by article 64.01(c) for the appointment of counsel, King has failed to establish that he entitled to counsel in these proceedings. Further, we see no reason, and King has not offered one, why the trial court would reconsider its previous determination and now conclude that the statutory criteria for the appointment of counsel has been satisfied. *See Aekins v. State*, No. 07-15-00139-CR, 2015 WL 6082312, at *2 (Tex. App.—Amarillo Oct. 15, 2015, order) (per curiam) (denying request to remand for appointment of counsel); *see also Ortiz v. State*, No. 04-15-00761-CR, 2017 WL 2791326, at *1 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op., not designated for publication) (same). Therefore, we decline to remand this case for the appointment of counsel and deny King's motion to abate.

It is ordered on February 1, 2018.


Before Chief Justice Rose, Justices Goodwin and Field

Do Not Publish

2