# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00461-CR

---

**Cha-Ka Romain Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF LAMPASAS COUNTY
### NO. 8127, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Johnson was convicted in 2008 of capital murder and sentenced to life imprisonment. This Court affirmed Johnson's conviction on appeal. *See Johnson v. State*, No. 03-08-00448-CR, 2010 WL 2133900, at *13 (Tex. App.—Austin May 28, 2010, pet. ref'd) (mem. op., not designated for publication). In 2020, Johnson filed a motion for DNA testing and motion for appointment of counsel, both of which the district court denied. We will affirm the district court's order.

The evidence presented at trial was discussed thoroughly in this Court's opinion affirming Johnson's conviction. *See id*. at *1–4, *6–8, *9–13. To summarize, this case arose from a conspiracy in 2007 between Don Gower, Johnson, and others to kill Don's wife, Hidi:

> Don decided that the best time to kill Hidi would be on July 4 at the local VFW where he and Hidi had planned to play pool that night. Essentially, Don planned

to park his truck in the back of the parking lot and then ask Hidi to retrieve something from the truck around the time that the fireworks were starting to go off. Don wanted the murderer to wait for Hidi at the truck and hoped that the sounds of the shots would be muffled by the fireworks.

*Id*. at *2. Hidi was shot and killed that night as planned. *Id*. at *3. The State alleged that Johnson was the shooter. The State's evidence included the testimony of Regina Edwards, who had been romantically involved with both Don Gower and Johnson and who had knowledge of the plot to kill Hidi; two co-conspirators who implicated Johnson as the shooter; individuals who were with Johnson before and after the shooting; two witnesses who were near the VFW on the night of the murder and who observed an individual with an appearance similar to Johnson's "hid[ing] in the bushes when a car drove by"; and the Texas Ranger who investigated the crime and to whom Johnson made statements incriminating himself in the offense. *See id*. at *6–8, *9–13.

In his motion for DNA testing, Johnson sought to test the firearm that was allegedly used in the shooting. *Id*. at *3. The district court denied the motion and the corresponding motion for court-appointed counsel. This appeal followed.

As an initial matter, we note that Johnson failed to file a brief in this appeal. Johnson's brief was first due in this Court on April 7, 2021. On June 3, 2021, in response to a notice from this Court that his brief was overdue, Johnson filed a motion for extension of time to file his brief, requesting until July 15, 2021. We granted the motion and ordered Johnson to file his brief no later than the following Monday, July 19, 2021. We also informed Johnson that if the brief was not filed by that date, the appeal would be submitted on the record alone. As of this date, no brief has been filed. Accordingly, we have considered this appeal on the record alone.[1]

---

[1] Rule 38.8 of the Texas Rules of Appellate Procedure provides that in criminal cases, under appropriate circumstances, "the appellate court may consider the appeal without briefs, as

2

Chapter 64 of the Code of Criminal Procedure authorizes post-conviction forensic DNA testing only if certain statutory requirements are met. *See* Tex. Code Crim. Proc. arts. 64.01, .03; *see also Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010) ("Chapter 64 requires multiple threshold criteria to be met before a convicted person is entitled to DNA testing."). These requirements include the convicted person "establish[ing] by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. Proc. art. 64.03(a)(2)(A). "Exculpatory results" mean results "excluding [the convicted person] as the donor" of the DNA material. *Holberg v. State*, 425 S.W.3d 282, 287 (Tex. Crim. App. 2014).

In this case, the record reveals that the firearm that was used in the shooting was already subjected to DNA testing, and Johnson was excluded as a contributor to the DNA that was recovered. The DNA test results were admitted into evidence and the defense emphasized this evidence at trial. Additionally, as this Court observed in its opinion affirming Johnson's conviction, the Texas Ranger who investigated the crime acknowledged in his testimony that there was no physical evidence linking Johnson to the gun that was used to kill Hidi. *Johnson*,

---

justice may require." Tex. R. App. P. 38.8(b)(4). This Court and others have held that an appellate court may review on the record alone the denial of a motion for DNA testing and the corresponding motion for court-appointed counsel. *See, e.g.*, *Tatum v. State*, No. 14-18-00157-CR, 2019 WL 758391, at *1 (Tex. App.—Houston [14th Dist.] Feb. 21, 2019, no pet.) (mem. op., not designated for publication); *In re King*, No. 03-17-00484-CR, 2018 WL 3909949, at *2 n.1 (Tex. App.—Austin Aug. 16, 2018, no pet.) (mem. op., not designated for publication) (citing *Ates v. State*, No. 03-15-00307-CR, 2016 WL 3361173, at *1 (Tex. App.—Austin June 8, 2016, no pet.) (mem. op., not designated for publication)); *Ortiz v. State*, No. 04-15-00761-CR, 2017 WL 2791326, at *1 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op., not designated for publication); *Aekins v. State*, No. 07-15-00139-CR, 2016 WL 2609597, at *2–3 (Tex. App.—Amarillo May 4, 2016, no pet.) (mem. op., not designated for publication); *Weekley v. State*, No. 05-15-00037-CR, 2015 WL 4880414, at *1 (Tex. App.—Dallas Aug. 14, 2015, no pet.) (mem. op., not designated for publication).

2010 WL 2133900, at *9. Thus, the jury already considered the lack of physical evidence linking Johnson to the firearm, including exculpatory DNA test results, but nevertheless convicted him. Johnson has failed to demonstrate that additional test results, even if exculpatory, would establish by a preponderance of the evidence that he would not have been convicted. Accordingly, we cannot conclude on this record that the district court abused its discretion in denying Johnson's motion for DNA testing. *See Prible v. State*, 245 S.W.3d 466, 469–70 (Tex. Crim. App. 2008) ("If, regardless of the results, retesting would not show by a preponderance of the evidence that Appellant would not have been convicted, then there is no reason for the court to order the DNA testing.").

We next consider the denial of Johnson's motion for court-appointed counsel. An inmate seeking post-conviction DNA testing under Chapter 64 has no constitutional right to counsel under either the United States or the Texas Constitutions. *See In re Beasley*, 107 S.W.3d 696, 697 (Tex. App.—Austin 2003, no pet.). Instead, a convicted person has a limited, statutory right to counsel during a proceeding under Chapter 64. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). Chapter 64 requires the convicting court to appoint counsel if, among other requirements, "the court finds reasonable grounds for a motion to be filed." Tex. Code Crim. Proc. art. 64.01(c). The issues involved in a motion requesting court-appointed counsel and a motion requesting post-conviction DNA testing are "interrelated." *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). Although "a convicted person need not prove entitlement (or a prima facie case of it) to DNA testing as a precondition for obtaining appointed counsel, whether 'reasonable grounds' exist for testing necessarily turns on what is required for testing," including the requirement "that this is the type of case in which exculpatory DNA results would make a difference." *Id.* at 891. If exculpatory results "would

not change the probability that the inmate would still have been convicted, then there are no reasonable grounds to appoint an attorney and no justification for ordering any testing." *Id*. at 892. In other words, exculpatory results "must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction; otherwise, DNA testing would simply 'muddy the waters.'" *Id*.

As we have already explained, exculpatory DNA results were admitted into evidence at Johnson's trial, and the jury convicted him anyway. Johnson has failed to show how the results of any additional DNA testing of the firearm would "affirmatively cast doubt upon the validity of [his] conviction." Accordingly, we cannot conclude that the district court abused its discretion in denying Johnson's motion for court-appointed counsel on the basis that there were no reasonable grounds for a motion for DNA testing to be filed. *See id*. at 892–95.

We affirm the district court's order denying Johnson's motion for DNA testing and motion for court-appointed counsel.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: November 10, 2021

Do Not Publish

5