Ray Dale HOOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00274–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 13, 2006.

Decided Aug. 9, 2006.

Ray Dale Hooks, Abilene, pro se.

Al Davis, Asst. Dist. Atty., Joe Black, Dist. Atty., Marshall, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

During an evening of drinking beer while driving his pickup truck around Harrison County, Ray Dale Hooks hit and killed Roger Carney with the truck. In a voluntary statement given to an investigator, Hooks admitted that he had been driving around, drinking beer since about 4:00 p.m. the day of the accident, and that he hit Carney with his truck. At trial, Hooks pled not guilty to intoxication manslaughter, but guilty to leaving the accident scene. The jury found Hooks guilty of both offenses. Hooks was sentenced to life imprisonment. On direct appeal, this Court affirmed Hooks' convictions. After his convictions were affirmed, Hooks filed a habeas corpus proceeding. He also pursued post-conviction DNA testing litigation seeking analysis of blood and hair samples.

From the trial court's denial of his request for DNA testing, Hooks appeals.

In his pro se brief, Hooks complains that the trial court improperly denied his motion for post-conviction DNA testing based in part on an imaginative, but unsupported, conspiracy theory. He suggests that the officer who collected DNA samples from Hooks and Carney after the incident intentionally switched them and "concocted a scene" falsely portraying Hooks as guilty. Hooks further suggests that the officer was part of an "endless conspiracy" against him, a conspiracy that also involved Hooks' appointed counsel, the prosecuting attorney, and the trial judge. In his brief on the merits, Hooks claims that identity was an issue in his underlying trial as required by Chapter 64 of the Texas Code of Criminal Procedure, the trial court erred in dealing with Hooks' bill of exceptions, appointed counsel provided ineffective assistance in the DNA testing litigation, the trial judge should have been disqualified from the DNA testing litigation, and the evidence in the original trial was insufficient to show that Hooks was intoxicated.

We find these assertions without merit and affirm the judgment, for five reasons:

(1) since identity was not an issue in his original trial, Hooks is not entitled to post-conviction DNA testing;

(2) the trial court's handling of Hooks' bill of exceptions in the DNA testing litigation was not reversible error;

(3) ineffective assistance of counsel is not an available issue in post-conviction DNA testing litigation;

(4) we have no jurisdiction in this action to review the failure to disqualify or recuse the trial judge from the related habeas corpus proceeding; and

(5) we have no jurisdiction in this action to review the sufficiency of the evidence to support Hooks' underlying conviction.

*(1) Since Identity Was Not an Issue in His Original Trial, Hooks Is Not Entitled to Post–Conviction DNA Testing*

■■■ We apply a bifurcated standard of review to determine whether the trial court properly denied an appellant's request for post-conviction DNA testing. *Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim.App.2002); *see Smith v. State,* 165 S.W.3d 361, 363 (Tex.Crim.App.2005). We "afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Rivera,* 89 S.W.3d at 59.

■■■ Chapter 64 of the Texas Code of Criminal Procedure governs how a convicted person may obtain DNA testing. Specifically, Article 64.03(a)(1)(B) allows a court to order DNA testing only if "identity was or is an issue in the case[,]" not when future DNA testing could raise the issue. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03(a) (Vernon Supp.2006); *Bell v. State,* 90 S.W.3d 301, 308 (Tex.Crim.App.2002). The fact that identity *could* become an issue pending the results of DNA testing is irrelevant. *Bell,* 90 S.W.3d at 308. Further, the possibility that the DNA samples taken may not belong to an appellant is insufficient to overrule the trial court's determination that DNA testing was unwarranted. *See id.* at 306 (asserting that biological samples might belong to someone else, without more, is not affirmative evidence of appellant's innocence). If the applicant fails to show that testing would change the trial's outcome, the court must deny the request. *Id.* at 304–05.

■■■ Hooks pled guilty to the charge that his vehicle was involved in an accident that caused Carney's death, but pled not

guilty to intoxication manslaughter. The trial court specifically found that DNA testing would neither prove nor disprove the identity of the operator of the vehicle which struck and killed the victim. The trial court further held as a matter of law that identity was not an issue. As the State points out, Hooks never contests that he was driving the vehicle which struck the victim, instead repeatedly admitting, "I hit the person with my truck."

Hooks asks us to broaden the scope of the term "identity" in Article 64.03 to include the identity of DNA samples, but doing so would render the word "identity" meaningless. Adopting Hooks' definition would allow an appellant to obtain a DNA test when the identity of any substance, evidence, or person even remotely involved in the case was disputed. An appellant could raise the issue of identity when it never existed at trial, thus not only negating the plain meaning of the "was or is" language in the statute, but also contradicting the Legislature's directive to place the burden on the appellant to show that DNA testing is warranted. *See id.* at 306 (holding appellant has burden to show Chapter 64 statutory requirements are met).

We agree with the State that the identity of the person who caused Carney's death was not and is not an issue. For the foregoing reasons, we overrule this point of error.

### (2) The Trial Court's Handling of Hooks' Bill of Exceptions in the DNA Testing Litigation Was Not Reversible Error

■ Hooks suggests that he is entitled to a new Chapter 64 proceeding because the trial court failed to rule or hold a hearing on his formal bill of exceptions. In the bill, Hooks complains that, in denying his request for DNA testing, the trial court failed to consider the affidavits of a Kenneth Paul Cary and Christy Cary.

The purpose of a bill of exceptions is to preserve for the appellate court evidence excluded at trial. *See* Tex.R.App. P. 33.2. The affidavits of Mr. and Mrs. Cary and the formal bill of exceptions are included in the appellate record. Thus, despite Hooks' complaints, the record includes all the evidence he claims was excluded. Additionally, Hooks has not shown that the trial court's failure to act on the bill of exceptions harmed him. Tex.R.App. P. 44.2(b); *see Routier v. State,* 112 S.W.3d 554, 575 (Tex.Crim.App.2003). We note that the only other information contained in the bill of exceptions does not even relate to any claims addressable in this limited appeal under Chapter 64. *See Routier,* 112 S.W.3d at 575. The bill of exceptions and the Cary affidavits do not show that identity was or is an issue. Therefore, Hooks was not harmed by the trial court's handling of the bill of exceptions. We overrule this point of error.

### (3) Ineffective Assistance of Counsel Is Not an Available Issue in Post–Conviction DNA Testing Litigation

■ A prisoner has no federal or state constitutional right to counsel in a post-conviction collateral attack. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Winters v. Presiding Judge of the Crim. Dist. Court No. Three,* 118 S.W.3d 773, 774 (Tex. Crim.App.2003). Challenging the denial of post-conviction DNA testing is a collateral attack. *Winters,* 118 S.W.3d at 774; *see In re Beasley,* 107 S.W.3d 696, 697 (Tex. App.-Austin 2003, no pet.). Thus, there is no constitutional right to counsel when a prisoner challenges a court's denial of post-conviction DNA testing. *Ex parte Graves,* 70 S.W.3d 103, 113 (Tex.Crim.App. 2002); *see Beasley,* 107 S.W.3d at 697.

Logically then, because there is no constitutional right to counsel, there can be no constitutional right to effective assistance of counsel. *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In his brief, Hooks acknowledges that this Court—joined by all but one of our sister appellate courts—does not recognize the constitutional right to effective assistance of counsel in Chapter 64 proceedings. He requests, however, that this Court ignore precedent and adopt a new rule. We decline this invitation. Even though Chapter 64 provides a statutory mechanism by which to appoint counsel, this Court will not "turn a legislative act of grace into a constitutional right." *Graves,* 70 S.W.3d at 110; *see Morris v. State,* 110 S.W.3d 100 (Tex.App.-Eastland 2003, pet. ref'd).

The Texas Court of Criminal Appeals has recently expressly left open this very issue:

> Although we need not decide whether another remedy is available in a case in which a convicted person did not receive adequate assistance of counsel in a Chapter 64 proceeding, we may observe that, in some cases, a convicted person may get relief from defective representation by counsel through appeal under that chapter.

*Ex parte Baker,* 185 S.W.3d 894, 897 (Tex. Crim.App.2006). We are yet inclined to stay with the holdings of the majority of our sister courts of appeals, until the Texas Court of Criminal Appeals rules to the contrary. *See Hughes v. State,* 135 S.W.3d 926, 928 (Tex.App.-Dallas 2004, pet. ref'd); *Morris,* 110 S.W.3d at 103; *Beasley,* 107 S.W.3d at 697; *Frischenmeyer v. State,* No. 06–02–00124–CR, 2003 WL 21108262, at *2, 2003 Tex.App. LEXIS 4207, at *2 (Tex.App.-Texarkana Mar.24, 2003, no pet.) (mem. op.) (not designated for publication). *But see Ard v. State,* 191 S.W.3d 342, 345–46 (Tex.App.-Waco 2006, no pet. h.) (holding ineffective assistance of counsel may be raised in Chapter 64 appeal).

Even if Hooks did have a constitutional right to effective assistance of counsel, he has failed to establish that his counsel was in fact ineffective. To succeed on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is not deficient if it meets or exceeds an objective standard of professional reasonableness. *Id.* at 688, 104 S.Ct. 2052; *see Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Further, counsel's performance must be given great judicial deference as it is presumed to fall "within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

Hooks alleges that his appointed counsel's performance was deficient because counsel failed to notify Hooks that he worked in the same building as the prosecuting attorney, thus hiding a conflict of interest. Hooks claims, albeit unsubstantiated by the record, that the prosecuting attorney had access to the appointed counsel's mail, files, faxes, and secretary because both attorneys worked in the same building. Even if this were true, Hooks still provides no support for the proposition that attorneys have a duty to disclose to their clients that they work in the same building as the opposing party. If that were the case, then attorneys would be required to know every tenant that moves in and out of the building where they have an office, no matter its size. Further, attorneys would be required to know every tenant of the buildings in which any

branch of their firm or company has an office. That is beyond the requirements of the law and beyond reason.

Additionally, even if the appointed counsel's nondisclosure was objectionable, Hooks still failed to show that the result would have been different had counsel notified Hooks of the office arrangements. *Thompson*, 9 S.W.3d at 812. The trial court properly denied Hooks' request for DNA testing because Hooks failed to meet the requirements of Article 64.01(b). Hooks' bare claim that his counsel's behavior violated his due process rights, without more, fails to overcome the presumption of reasonable assistance. We overrule this point of error.

*(4) We Have No Jurisdiction in this Action to Review the Failure to Recuse or Disqualify the Trial Judge from the Related Habeas Corpus Proceeding*

While Article 64.05 of the Texas Code of Criminal Procedure specifically gives a convicted person the right to appeal a denial of DNA testing, there is nothing in the statute or otherwise that allows an appellate court to review, under the guise of a DNA testing appeal, anything beyond the scope of the DNA testing litigation. This Court lacks jurisdiction over issues not strictly arising out of the denial of post-conviction DNA testing. *Wolfe v. State*, 120 S.W.3d 368, 370 (Tex. Crim.App.2003).

In April 2003, Hooks did file a motion to recuse the trial judge from acting in Hooks' related habeas corpus proceeding. But Hooks did not instigate the Chapter 64 proceedings until March 2004, and he did not seek recusal or disqualification of the trial judge in this DNA testing litigation. Hooks' motion to recuse the trial judge was part of his habeas corpus proceeding, not this DNA testing litigation. Thus, we lack jurisdiction to review this claim. We overrule this point of error.

*(5) We Have No Jurisdiction in this Action to Review the Sufficiency of the Evidence to Support Hooks' Underlying Conviction*

Hooks also requests this Court to remand for a new trial based on his claim that the trial evidence of his intoxication was insufficient. In the same way as Hooks' issue about recusal of the trial judge is not within the scope of appeal as set forth in Article 64.05, Hooks' issue concerning sufficiency of the evidence in the underlying trial is not reviewable in this proceeding. *See* Tex.Code Crim. Proc. Ann. art. 64.05 (Vernon Supp.2006); *Wolfe*, 120 S.W.3d at 370 (appellant's contention trial court erroneously denied appellant expert assistance was outside scope of Article 64.05, and thus nonreviewable).[1]

Having overruled all of Hooks' addressable points of error, we affirm the trial court's denial of the motion for post-conviction DNA testing.

---

1. Further, the issue on direct appeal of Hooks' conviction was limited to whether he was on or off the roadway when he struck the victim with his vehicle. *Hooks v. State*, 44 S.W.3d 607, 611 (Tex.App.-Texarkana 2001, pet. ref'd). He did not raise, and is not allowed to raise now, an issue regarding the sufficiency of the evidence to prove intoxication.