COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-104-CR

 

 

RUSSELL JAY REGER                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                                   I.  Introduction

Appellant Russell Jay Reger, pro se, appeals from the trial
court=s denial of his
motion for forensic DNA testing.  We
dismiss in part for want of jurisdiction and affirm in part.

                               II.  Factual and Procedural Background








On April 12, 1996, a jury convicted Appellant of murder and
sentenced him to life imprisonment.  On
appeal, we affirmed Appellant=s conviction in Reger
v. State, No. 02-96-00217-CR (Tex. App.CFort Worth July
31, 1997, pet. ref=d) (not designated for publication).  On April 28, 2005, Appellant filed a post
conviction motion for forensic DNA testing under chapter 64 of the code of
criminal procedure.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2006).  In his motion, Appellant
admitted to shooting the victim but stated that he did so in self-defense.  Appellant also claimed that DNA testing of
the physical evidence recovered from the scene of the crime would substantiate
his self-defense theory by indicating that the shooting occurred while he and
the victim were engaged in a struggle. 
Adopting the State=s proposed findings of fact and
conclusions of law, the trial court found that identity was not an issue in the
case and entered an order denying the motion. See id. art.
64.03(a)(1)(B).  Although Appellant
initially appealed that order to this court, we abated the appeal, at Appellant=s request, so that
he could file an out-of-time motion for new trial.  








Appellant filed his out-of-time motion with the trial court
on June 2, 2006.  In that motion,
Appellant sought to challenge the validity of his underlying conviction by
claiming that Judge James Walker, the visiting judge that presided over his
1996 trial, was not constitutionally qualified. 
According to Appellant, because Judge Walker failed to file an oath of
office or an anti‑bribery statement from January 1991 through June 1999,
he had no authority to preside over Appellant=s trial or render
a judgment in connection with the case. 
At a hearing on the motion, the trial court refused to consider any of
Appellant=s contentions regarding Judge Walker=s constitutional
qualifications finding that those issues fell outside the scope of the chapter
64 hearing.  The court then denied
Appellant=s motion for new trial and reinstated its
original order denying his motion for DNA testing. 

                                              III.  Issues Presented 

In his first four issues, Appellant asserts that (1) the
trial court=s order denying his motion for DNA testing
is void, (2) the court abused its discretion in failing to consider his
contentions regarding Judge Walker=s constitutional
qualifications, (3) the court erred in finding that identity is not an issue in
the case, and (4) article 64.03(a)(1)(B) is unconstitutional on its face and as
applied.  Additionally, Appellant
contends, by way of a fifth issue, that the trial court erred in failing to
take judicial notice of facts offered by Appellant to show that Judge Walker
was disqualified from presiding over his 1996 trial. 

                                                  IV.  Jurisdiction








A threshold issue in any case is whether the court has
jurisdiction to resolve the pending controversy.  State v. Roberts, 940 S.W.2d 655, 657
(Tex. Crim. App. 1996), overruled on other grounds by State v. Medrano, 67
S.W.3d 892, 894 (Tex. Crim. App. 2002); Ex parte Armstrong, 110 Tex.
Crim. 362, 366, 8 S.W.2d 674, 676 (1928). 
Likewise, our jurisdiction is fundamental and must legally be
invoked.  Roberts, 940 S.W.2d at
657; Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (op.
on reh=g).  If not legally invoked, we have no power to
dispose of the purported appeal in any manner other than to dismiss it for want
of jurisdiction.  Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996).








Chapter 64 of the code of criminal procedure authorizes
forensic DNA testing in cases in which the applicant meets the requirements
enumerated in the statute.  Tex. Code Crim. Proc. Ann. art. 64.03.  The statute also confers jurisdiction on this
court to review a trial court=s order regarding
post conviction DNA testing in any case in which the death penalty is not
imposed.  Id. art. 64.05; see
Lopez v. State, 114 S.W.3d 711, 714 (Tex. App.CCorpus Christi
2003, no pet.).  In 2003, the legislature
broadened the scope of appeals under chapter 64 to include issues pertaining to
all articles of chapter 64.  See Wolfe
v. State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003) (explaining that
article 64.05 previously permitted an appeal only Aof a finding under
article 64.03 or 64.04,@ but that the 2003 amendments now permit
an appeal Aunder this chapter@).  However, these amendments do not confer
jurisdiction upon this court to entertain collateral attacks on the trial court=s judgment or to
review, under the guise of a DNA testing appeal, anything beyond the scope of
those articles.  See Hooks v. State,
203 S.W.3d 861, 866 (Tex. App.CTexarkana 2006,
pet. filed); Lopez, 114 S.W.3d at 714. 


In this case, Appellant=s assertion that
the trial court=s order denying his request for post
conviction DNA testing is void serves as an indirect attack on the validity of
his underlying conviction.[1]  As stated above, the jurisdiction afforded us
under chapter 64 does not extend to collateral attacks on the judgment of
conviction or allow us to revisit matters that should have been addressed on
direct appeal.  Lopez, 114 S.W.3d
at 714; see Tex. Code Crim. Proc.
Ann. art. 64.05.  Although
Appellant=s contentions regarding the effect of
Judge Walker=s alleged failure to file an oath of
office or anti-bribery statement may be considered by the court of criminal
appeals through a properly filed writ of habeas corpus, see Tex. Code Crim. Proc. Ann. art. 11.07,
we have no jurisdiction to consider those issues here.  Therefore, we dismiss Appellant=s first issue for
want of jurisdiction.








Moreover, Appellant=s second and fifth
issues challenge the trial court=s refusal to take
actions that fall wholly outside the scope of its jurisdiction under chapter
64.  See id. art. 64.01-.04.  As explained by the court of criminal appeals
in State v. Patrick, 

When a conviction has been affirmed
on appeal and the mandate has issued, general jurisdiction is not restored in
the trial court.  The trial court has
special or limited jurisdiction to ensure that a higher court=s mandate is carried out and to
perform other functions specified by statute, such as finding facts in a habeas
corpus setting, or as in this case, determining entitlement to DNA
testing.  86 S.W.3d 592, 594 (Tex. Crim.
App. 2002) (emphasis added).

 

Appellant=s complaints
regarding the trial court=s failure to review Judge Walker=s constitutional
qualifications and its refusal to take judicial notice of facts offered in
support of the judge=s disqualification are in no way relevant
to the trial court=s determination as to whether Appellant is
entitled to post conviction DNA testing. 
Therefore, because the trial court was without jurisdiction to consider
Appellant=s contentions, we find that these issues
also fall outside the scope our appellate review under article 64.05 and we
dismiss them for lack of jurisdiction.  See
Tex. Code Crim. Proc. Ann.
art. 65.05.  Accordingly, we address only
Appellant=s third issue regarding whether the trial
court abused its discretion in finding that identity was not an issue in this
case and his fourth issue concerning the constitutionality of article
64.03(a)(1)(B).

 

 








                                           V.  Identity Not an Issue

In reviewing a trial court=s decision on a
motion for DNA testing, we employ a bifurcated standard of review.  Whitaker v. State, 160 S.W.3d 5, 8
(Tex. Crim. App.), cert. denied, 543 U.S. 864 (2004).  We afford almost total deference to the
trial court=s determination of issues of historical
fact and issues of application‑of‑law‑to‑fact
that turn on credibility and demeanor of witnesses.  See Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  But we
review de novo other issues of application‑of‑law‑to‑fact
questions that do not turn on the credibility and demeanor of witnesses.  Id.

A trial court must order DNA testing only if the statutory
requirements of article 64.03 are met, that is, only if (1) the evidence still
exists and identity was or is an issue in the case; and (2) the convicted
person establishes by a preponderance of the evidence that the person would not
have been convicted if exculpatory results had been obtained through DNA
testing.  Tex. Code Crim. Proc. Ann. art. 64.03; Bell
v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).  If the evidence no longer exists or if
identity was not or is not still an issue in the case, then the trial court
cannot order DNA testing.  See Lewis
v. State, 191 S.W.3d 225, 228‑29 (Tex. App.CSan Antonio 2005,
pet. ref=d).








Despite his admission that he shot and killed the victim,
Appellant claims that identity was and continues to be an issue in his case
because the identity of the first aggressor was critical to corroborate his
self-defense theory.  However, this
contention fails to raise an issue as to the identity of the perpetrator of the
alleged offense, which is required under the plain meaning of article
64.03(a)(1)(B).  See Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B); Hooks, 203 S.W.3d at 864.  In this case, Appellant admitted to shooting
the victim in his affidavit in support of his motion for DNA testing.  Therefore, the trial court did not abuse its
discretion in finding that the identity of the perpetrator was not an issue and
we overrule Appellant=s third issue.

                           VI.  Constitutionality of Article 64.03(a)(1)(B)

In his fourth issue, Appellant argues that, if identity is
not an issue in this case, article 64.03(a)(1)(B) is unconstitutional on its
face and as applied because it deprives all criminal defendants who claim
self-defense from obtaining post conviction DNA testing in violation of the
equal protection clauses of both the United States and Texas
Constitutions.   








A facial challenge to a statute is the most difficult
challenge to mount successfully because the challenger must establish that no set
of circumstances exists under which the statute will be valid.  See Santikos v. State, 836 S.W.2d 631,
633 (Tex. Crim. App.) (op. on reh=g), cert.
denied, 506 U.S. 999 (1992). In this case, Appellant=s facial challenge
fails for the simple reason that the United States Constitution does not
require the State to provide post conviction DNA testing to any convicted
person.  See Kutzner v. Montgomery Co.,
303 F.3d 339, 340 (5th Cir. 2002); Harvey v. Horan, 278 F.3d 370, 375‑76
(4th Cir. 2002).  Furthermore, Appellant
cites no authority for the existence of this requirement under the Texas
Constitution.  In fact, the Texas
Constitution provides that appellate review of criminal convictions may be
limited by the legislature.  See
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Henderson v.
State, 132 S.W.3d 112, 114 (Tex. App.CDallas 2004, no
pet.).  Therefore, Appellant cannot
establish that the statute operates unconstitutionally as to all convicted
persons.

Moreover, chapter 64 does not guarantee all convicted
defendants a right to DNA testing; rather, it simply ensures that all
defendants have access to DNA testing by guaranteeing them a right to file a
motion requesting that relief.  See
Bell, 90 S.W.3d at 306-07.  In this
case, nothing precluded Appellant from filing his motion requesting DNA
testing, and he was no more, or less, entitled to a favorable ruling on that
motion than any other criminal defendant filing a similar request.  See id. 
Thus, Appellant=s equal protection
argument also fails and we overrule his fourth issue.  

 

 

 








                                                  VII.  Conclusion

Having overruled Appellant=s third and fourth
issues, we affirm the trial court=s denial of the
motion for post conviction DNA testing. 
Additionally, we dismiss the remainder of Appellant=s issues for want
of jurisdiction. 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and WALKER, JJ.

 

PUBLISH

 

DELIVERED:  February 22, 2007











[1]In his brief, Appellant contends
that his underlying conviction is invalid and that the trial court=s order denying his motion for DNA
testing is void as a result of Judge Walker=s alleged disqualification.