

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00109-CR

WELDON BOYCE BRIDGES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court No. CR-27979

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Weldon Boyce Bridges, convicted for aggravated sexual assault of a child,[1] appeals[2] pro se from the denial of his motion for forensic DNA testing in Angelina County.[3] In his request for DNA testing, he asked to have his DNA analyzed and compared "against the D.N.A. sample taken at SANE Test, and conduct D.N.A. 'Contact Strip' Test" performed on a prior sample. (CR 268)

Bridge's sole cognizable point of error[4] is unclear. He complains because the "State accepted evidence at trial that was subjected to DNA Testing without objection," points out that trace evidence was not tested, and then

> contends that "not tested" or the omitted contact strip testing, or any test needed to meet the burden of proof, or alternative discovery in another perpetrator, was denied by the trial court on post-trial motion for DNA. . . . The state without objection and subject DNA Testing thus, invoking inculpatory and exculpatory evidence, and now is subject to appellate review.

As we interpret that argument, Bridges complains because the trial court denied his motion for DNA testing of trace evidence referenced by the DNA laboratory. The trace evidence language

---

[1]In his underlying conviction, Bridges pled guilty to one count of a two-count indictment for aggravated sexual assault of a child. On July 15, 2009, as part of a plea agreement, he was found guilty and sentenced to twenty-two years' imprisonment.

[2]We earlier had dismissed Bridges' appeal for want of prosecution after he repeatedly ignored our directives and appellate deadlines. The Texas Court of Criminal Appeals reversed our dismissal and remanded the case to this Court without a substantive opinion ostensibly because we dismissed due to his failure to file a brief.

[3]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[4]Bridges also raises other issues, all of which relate exclusively to the underlying trial and conviction. Bridges' conviction was pursuant to a plea agreement, and he also signed a waiver of his right to appeal from that conviction. We may not address those matters in this appeal. *In re Garcia*, 363 S.W.3d 819 (Tex. App.—Austin 2012, no pet.); *Hooks v. State*, 203 S.W.3d 861 (Tex. App.—Texarkana 2006, pet. ref'd).

is based on a letter from the laboratory stating that no semen was found, apparent blood was detected on panties, "and that trace evidence was collected from the panties."

The State points out that little physical evidence was presented at trial. There was no indication that any samples were taken during a SANE test—nearly five months had elapsed between the date of the assault and the victim's outcry. The State posited that perhaps Bridges was actually referring to three pairs of panties, which Bridges had provided to investigators and which he claimed to have kept for protection in case he was accused of wrongdoing. The State informed the trial court that, even though no chain of custody existed, it nevertheless had the panties tested. The testing produced no evidence of DNA from any male. Accordingly, the testing has already been done and did not prove or disprove Bridges' guilt.

Under Article 64.03 of the Texas Code of Criminal Procedure, a defendant is not entitled to DNA testing unless he or she first shows that unaltered evidence is available for testing, that identity was an issue in the case, that there is greater than a fifty percent chance that he or she would not have been convicted if DNA testing provided exculpatory results, and that the request is not to delay the execution of the sentence. *See* TEX. CODE CRIM. PROC. ANN. art 64.03(a) (West Supp. 2013); *Ex parte Gutierrez*, 337 S.W.3d 883, 899 (Tex. Crim. App. 2011); *Prible v. State*, 245 S.W.3d 466, 467 (Tex. Crim. App. 2008). If, regardless of the results, testing would not show by a preponderance of the evidence that a criminal defendant would not have been convicted, then there is no reason for the court to order the DNA testing. *Prible*, 245 S.W.3d at 470.

3

Even if there is available some trace evidence that could be tested effectively and we entirely disregarded the fact that there is nothing to show the source of the panties, the motion still fails. The victim's identification of Bridges is not an issue. If the panties contained DNA of another male, it would not be exculpatory of Bridges' guilt, it would merely show that panties from an unknown source had DNA from another male. If we assumed that the panties did belong to the victim, at most it might show that the panties had been in contact with another male and would not create the requisite greater than fifty percent probability that Bridges would not be convicted of sexually assaulting this victim. In summary, this is a situation in which granting DNA testing would, at most, "muddy the waters." That is insufficient to mandate testing. *Gutierrez*, 337 S.W.3d at 901.

We affirm the trial court's order denying the motion for forensic DNA testing.


Josh R. Morriss, III
Chief Justice


Date Submitted:     April 2, 2014
Date Decided:      April 11, 2014

Do Not Publish