**Opinion issued December 17, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00902-CR

———————————

**RODNEY GOWANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 13300**

## MEMORANDUM OPINION

Appellant, Rodney Gowans, appeals the trial court's order denying his motion

for post-conviction DNA forensic testing pursuant to Texas Code of Criminal

Procedure article 64.03. In his sole point of error, appellant contends that the trial

court erred in denying his requests for DNA testing and appointment of counsel because Chapter 64 was unconstitutionally applied to him. We affirm.

## Background

### A. Factual History

The following factual background was set forth by this Court on direct appeal.

On August 11, 1995, at approximately 3:30 p.m., George Sims, the complainant, was sitting in his parked car in the driveway of a private home located just off State Highway 30 in Grimes County, Texas. Appellant, who was driving a white Chrysler four-door on Highway 30, suddenly veered off and into the driveway where the complainant was parked. Appellant's car struck the passenger side of the complainant's car with enough force to send the complainant's car off the driveway and into a tree. There were no skid marks on the road to indicate that appellant applied his brakes before the collision.

That day, Ricky Young was driving his car behind appellant at approximately 3:30 p.m. He testified that appellant sped up and slowed down several times. Young then saw appellant's car speed up and veer off the roadway, debris fly up, and appellant's car bounce back onto the road.

Officer Weatherford arrived at the scene of the accident at approximately 3:50 p.m. Weatherford testified that he smelled alcohol emanating from appellant and on

his breath. Weatherford did not ask appellant to perform any field sobriety tests because appellant told Weatherford that his neck hurt.

Appellant was transported to a hospital in Bryan, Texas. Weatherford asked Officer Taylor, who was in Bryan, to draw a sample of appellant's blood because he thought appellant did not have the normal use of his physical and mental faculties. Taylor met appellant at the local hospital where he obtained appellant's consent to draw a blood sample. Taylor, who was present when the blood sample was taken from appellant at 5:38 p.m., testified that he smelled alcohol on appellant. Appellant admitted to Weatherford and Taylor that he had drunk a bottle of malt liquor. The blood test, administered approximately one and one-half hours after the accident, indicated that appellant had an alcohol concentration of 0.20, which was then twice the legal limit.[1]

The complainant died nine days later.

---

[1]   The version of the statute in effect at the time of the offense defined "intoxicated" to mean either (1) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body or (2) having an alcohol concentration of 0.10 or more. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, § 49.01(2), 1993 Tex. Gen. Laws 3586, 3696 (former TEX. PENAL CODE § 49.01(2), since amended).

## B.     Procedural History

On February 13, 1997, a jury convicted appellant of the first-degree felony offense of intoxication manslaughter[2] and assessed his punishment at sixty years' confinement.[3]  On direct appeal, this Court affirmed his conviction.  *See Gowans v. State*, 995 S.W.2d 787, 795 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  We denied appellant's motion for rehearing, and the Court of Criminal Appeals refused discretionary review.

Over the next twenty years, appellant filed numerous petitions for writ of habeas corpus and mandamus, all of which were denied.  On September 9, 2019, appellant requested the appointment of counsel to file a motion for DNA testing; the trial court denied his request on September 23, 2019.  On October 7, 2019, appellant filed a motion for forensic DNA testing.  On October 28, 2019, the trial court denied the motion, noting "[n]o issue presented under Chap[ter] 64 CCP nor any additional

---

[2]     Under Penal Code section 49.08 in effect at the time of the offense, a person commits the offense of intoxication manslaughter if the person (1) operates a motor vehicle in a public place, an aircraft, or a watercraft; (2) is intoxicated; and (3) by reason of that intoxication causes the death of another by accident or mistake.  *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, 1993 Tex. Gen. Laws 3586, 3614, 3766 (former TEX. PENAL CODE § 49.08(a)(1), (2) since amended).

[3]     Appellant pleaded true to two enhancement paragraphs alleging that he had been previously convicted of the felony offenses of theft of property of the value of $200 or more but less than $10,000 and murder.

4

issues raised not previously ruled on by this court as well as the court of appeals." This timely appeal followed.

## Discussion

Appellant, proceeding pro se, contends that the trial court erred in denying his requests for post-conviction DNA testing and for a court-appointed attorney to assist him in obtaining DNA testing.

### A. Standard of Review

We apply a bifurcated standard of review to determine whether the trial court properly denied an appellant's request for post-conviction DNA testing. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); *see Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). We "afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Rivera*, 89 S.W.3d at 59 (emphasis in original). Here, because the trial court did not conduct a live hearing, we review the trial court's denial of DNA testing de novo. *See Smith*, 165 S.W.3d at 363. A motion requesting court-appointed counsel and a motion requesting post-conviction DNA testing are intertwined. *See Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

### B. Applicable Law

A convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met. *See Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014); *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). Chapter 64 provides, in pertinent part, as follows:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;

(B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and

(C) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. art. 64.03(a). "[W]hether 'reasonable grounds' exist for testing necessarily turns on what is required for testing." *Gutierrez*, 337 S.W.3d at 891. "Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." *Id.*

## C. Motion for Post-Conviction DNA Testing

In his motion, appellant requested that post-conviction DNA testing be conducted on his blood sample taken at the hospital on the date of the collision. He contends that the level of his "alcohol concentration has been a contested issue in this case" and suggests "that it should receive the same review as the identity of a person."

The Texarkana Court of Appeals considered a similar argument in *Hooks v. State*, 203 S.W.3d 861 (Tex. App.—Texarkana 2006, pet. ref'd). There, the defendant pleaded not guilty to intoxication manslaughter but guilty to leaving the accident scene. *See id.* at 862. The defendant was found guilty of both offenses and sentenced to life imprisonment. *See id.* After the court of appeals affirmed his

7

convictions, the defendant requested post-conviction DNA testing seeking analysis of blood and hair samples. *See id.* The defendant appealed the trial court's denial of his requests, claiming, among other things, that identity was an issue in his underlying trial. *See id*. at 863.

The court of appeals affirmed the trial court's denial of the defendant's motion for post-conviction DNA testing. *See id*. at 866. The court concluded that the defendant was not entitled to post-conviction DNA testing because identity was not an issue in the original trial. *See id.* at 864. The court stated that the trial court had specifically found that DNA testing would neither prove nor disprove the identity of the operator of the vehicle that struck and killed the victim, and it noted that the defendant never contested that he was driving the vehicle that struck the victim. *See id.* at 864.

Similarly, the record before us demonstrates that identity was and is not an issue because there is no dispute that appellant was the driver of the car that collided with the complainant's car, causing injuries resulting in his death. *See Gowans*, 995 S.W.2d at 794. The purpose of post-conviction DNA testing is to provide a means through which a convicted person may establish his innocence by excluding himself as the perpetrator of the offense of which he was convicted. *See Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007) (stating that exoneration by exclusion of defendant as DNA donor "is precisely the situation in which the

8

Legislature intended to provide post-conviction DNA testing."); *Weems v. State*, 550 S.W.3d 776, 779–80 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *see also In re Kennard,* No. 03-07-00308-CR, 2008 WL 899606, at *2 (Tex. App.—Austin Apr. 3, 2008, no pet.) (mem. op., not designated for publication) (holding that plain language of statute supported State's argument that "identity," as used in article 64.03(a)(1)(B), means only identity of perpetrator of offense). Appellant does not seek to exclude himself as the person who struck the complainant's car resulting in his death; rather, he seeks to use DNA testing to contest his blood-alcohol level. As in *Hooks*, appellant's identity as the driver of the car that struck the complainant was and is not at issue.

Moreover, that identity *could* become an issue pending the results of DNA testing is irrelevant. Specifically, article 64.03(a) allows a court to order DNA testing only if "identity was or is an issue in the case[,]" not when future DNA testing could raise the issue. *See* TEX. CODE CRIM. PROC. art. 64.03(a)(1)(C). Further, the possibility that the DNA samples taken may not belong to an appellant is insufficient to overrule the trial court's determination that DNA testing was unwarranted. *See Bell,* 90 S.W.3d at 306 (asserting that biological samples might belong to someone else, without more, is not affirmative evidence of appellant's innocence).

Appellant also asserts that the blood test result "was and is in his favor by at least 50% and had it been presented he would not be convicted."

Under article 64.03(a), the convicted person must show that a reasonable probability exists that the DNA tests would prove his innocence. *See Rivera*, 89 S.W.3d at 59. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bates v. State*, 177 S.W.3d 451, 453 (Tex. App.— Houston [1st Dist.] 2005, pet. ref'd). A reasonable probability of innocence does not exist if there is sufficient evidence, other than the evidence in question, to establish guilt. *See Rivera,* 89 S.W.3d at 60.

In our previous opinion, we concluded that the record contained sufficient evidence that appellant was intoxicated at the time of the accident and that the evidence was sufficient to support the verdict. *See Gowans*, 995 S.W. 2d at 790–91. The blood test, administered approximately one and one-half hours after the accident, indicated that appellant had an alcohol concentration of almost twice the legal limit when the test was administered. *See id*. at 791. Aside from the blood test, however, there was additional evidence establishing appellant's intoxication. Officer Weatherford spoke to appellant within twenty minutes of the accident and smelled alcohol on him and on his breath. *See id.* Young testified that he saw appellant speed up and slow down several times in the short distance he was behind appellant's car just before the collision. *See id.* Officer Taylor, who was present

10

when the blood sample was taken from appellant, testified that he smelled alcohol on appellant. *See id.* Appellant told Weatherford and Taylor that he had had a bottle of malt liquor to drink. *See id.* Thus, there is sufficient evidence, other than the evidence in question, to establish appellant's guilt for the offense of intoxication manslaughter.

Because identity was and is not an issue in this case, and appellant has not proved by a preponderance of the evidence that a reasonable probability exists that he would not have been convicted if he were permitted to conduct DNA testing, the trial court did not err in denying appellant's motion for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. art. 64.03(a)(1)(C), (2)(A).[4]

## D. Motion for Court-Appointed Counsel

Appellant contends that the trial court erred in denying his request for appointed counsel to assist him in obtaining post-conviction DNA testing.

If a convicted person intends to file a motion for post-conviction DNA testing, then the trial court shall provide court-appointed counsel to the applicant, but only if three requirements are met: (1) the applicant must tell the trial court that he wishes to submit an application for post-conviction DNA testing; (2) the trial court must

---

[4] Because appellant failed to meet these two preconditions under article 64.03, we do not reach his additional arguments that the blood sample taken from him at the hospital on the date of the collision exists and is suitable for testing. *See* TEX. CODE CRIM. PROC. art. 64.03(1)(A)(i), (B).

find "reasonable grounds" for the application to be filed; and (3) the trial court must determine that the applicant is indigent. *Id.* art. 64.01(c). Thus, entitlement to court-appointed counsel in this context is conditioned on the trial court finding, in relevant part, that reasonable grounds exist for filing the motion for post-conviction DNA testing. *See Gutierrez*, 337 S.W.3d at 889.

As set forth above, the evidence in the record supports the trial court's denial of appellant's request for the appointment of counsel. Appellant failed to demonstrate two of the statutory preconditions to obtaining DNA testing under Chapter 64, specifically, that identity was or is an issue in the case and that a reasonable probability exists that he would not have been convicted if he were permitted to conduct DNA testing. *See* TEX. CODE CRIM. PROC. art. 64.03(a)(1)(C), (2)(A). The trial court did not err by denying appellant's request for appointed counsel. *See Bates v. State*, 315 S.W.3d 598, 601 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding trial court did not err in concluding that defendant had failed to show reasonable grounds for appointment of counsel in light of court's earlier holding that defendant had failed to meet one of article 64.03 requirements and fact that appellant's subsequent motion did not add anything to meet requirement); *Weems*, 550 S.W.3d at 781. Accordingly, we overrule appellant's point of error.

12

## Conclusion

We affirm the trial court's orders denying appellant's motions for appointment of counsel and post-conviction DNA testing.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.

Do not publish.   TEX. R. APP. P. 47.2(b).